DECISION
Before the Court is plaintiff's request for reasonable expenses, including attorney's fees, incurred in proving the identity of the author of certain documents at trial.
As part of the discovery process, plaintiff sought admissions of fact from defendant John Petrarca pursuant to R.C.P. 36(a). Plaintiff requested defendant Petrarca admit that his father, Peter Petrarca, signed two separate documents. The first document represented an assignment of 200 (two hundred) shares of the Waldlum Realty, Inc. to plaintiff. The second document, the 1983 annual report of Waldlum Realty, Inc., established Peter Petrarca's status as president of Waldlum. Defendant John Petrarca served a sworn denial of both requests for admissions.
At trial, plaintiff's expert witness testified that Peter Petrarca did sign both documents based upon the similar handwriting that appeared on admitted exemplars. Additionally, defendant Petrarca testified that his father's signature appeared to be on both documents, but that he had problems recognizing the signatures.
The plaintiff's request for reasonable expenses in connection with this matter is now before this Court. Rule 37(c) provides, in part;
 If a party, after being served with a request under Rule 36 to admit . . . the truth of any matter of fact, serves a sworn denial thereof and if the party requesting the admissions thereafter proves. . . the truth of any such matter of fact, the part requesting the admissions may apply to the court for an order requiring the other party to pay him. . . the reasonable expenses incurred in making such proof, including reasonable attorney's fees. Unless the court finds that there were good reasons for the denial or that the admissions sought were of no substantial importance, the order shall be made.
This Court is satisfied that there were, arguably, good reasons for defendant Petrarca to deny that his father's signature appeared on the two documents. Defendant John Petrarca testified that he was unsure of the authenticity of the signatures since his brother often signed his father's name. Tr. at 391. The Court is mindful that the purpose of Rule 36 is to "[weed] out facts and items of proof over which there is no dispute, but which are often difficult and expensive to prove."General Electric Company v. Paul Forsell Sons. Inc.,121 R.I. 19, 23, 394 A.2d 1101, 1103 (1978) (quoting 4A Moore, Federal Practice § 36.02 at 36-15 (1978)). In the instant matter, the questionable genuineness of Peter Petrarca's signature warranted such a denial.
Accordingly, this Court must and does deny plaintiff's motion for expenses.
Counsel shall prepare the appropriate order.